IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTER CAPITAL CORPORATION, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:05-CV-0341-L |
| | § | |
| JESUS VASQUEZ, SR., et al., | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Application for Default and Default Judgment with Respect to Defendant Jesus Vasquez, Jr. ("Vasquez, Jr."), filed December 27, 2005. Having considered Plaintiff's Application, along with the Affidavit of Attorney in Support of Application for Default and Default Judgment with Respect to Defendant Jesus Vasquez, Jr. and the copies of the billing statements attached as Exhibit A thereto, the court **grants** Plaintiff's Application for Default with Respect to Defendant Jesus Vasquez, Jr. and **grants in part and denies in part** Plaintiff's Application for Default Judgment with Respect to Defendant Jesus Vasquez, Jr.

**I.     Factual and Procedural Background**

Plaintiff seeks entry of default, as well as a default judgment as to the relief requested in it February 18, 2005 Complaint. The Complaint alleges a cause of action against, among others, Vasquez, Jr., an officer of El Conejo Bus Lines, Inc. ("El Conejo"), for breach of a guaranty agreement and also requests attorney's fees pursuant to the guaranty. *See* Compl. ¶¶ 20, 22. The guaranty at issue guaranteed the "prompt payment of all monies now due or hereafter becoming due by [El Conejo] to Center Capital and the timely performance by [El Conejo] of all of [its] obligations

to Center Capital[,]" which included payment of monies under a promissory note made by El Conejo payable to Plaintiff in the principal amount of $336,680, in exchange for Plaintiff extending credit to El Conejo. *Id.* ¶¶ 7-10 and Exhs. A-E thereto. Following El Conejo's January 2002 default on its obligations under the promissory note, and its subsequent bankruptcy, Plaintiff brought suit on the various guaranty agreements signed by Defendants, including Vasquez, Jr.[*]

After numerous unsuccessful attempts at service, and numerous court extensions, on September 8, 2005, the summons and a copy of the complaint were served personally on Jesus Vasquez, Jr. *See* Return of Service, Sep. 12, 2005. Pursuant to the summons, Vasquez, Jr. was required to serve a responsive pleading on or before September 28, 2005. As of December 27, 2005, Vasquez, Jr. had not responded. Plaintiff now seeks entry of default and default judgment against Vasquez, Jr. in the amount of $239,606.26, the amount due and owing under the note after the sale of certain collateral, as well prejudgment interest at the rate of 9.82%, as set forth in the promissory note, as well as attorney's fees.

**II.   Analysis**

    **A.   Default**

Plaintiff has applied to this court for entry of Vasquez, Jr.'s default. Pursuant to Fed. R. Civ. P. 55(a), the clerk shall enter a party's default when "a party against whom affirmative relief is sought has failed to plead or otherwise defend as provided by [the rules of civil procedure] and the fact is made to appear by affidavit or otherwise[.]" In this instance, Plaintiff has moved the court

---

[*] Plaintiff also sued guarantors Jesus Vasquez, Sr. and Jaime Andrade, alleging the same cause of action for breach of the guaranty agreement each signed. On November 2, 2005, the court issued an order dismissing Plaintiff's complaint against Defendant Jesus Vasquez, Sr. without prejudice for failure to prosecute and comply with a valid court order. On November 7, 2005, following Andrade's suggestion of bankruptcy, the court issued an order staying Plaintiff's claims against Andrade and directed the parties to report to the court in writing every 120 days regarding the status of the bankruptcy proceedings.

**Memorandum Opinion and Order – Page 2**

to enter Vasquez, Jr.'s default, rather than the clerk as contemplated by Rule 55(a). Failure to file with the clerk, however, does not prevent the court from defaulting a party, assuming the requirements are met. *See* 10A C.A. Wright, A. Miller & M. Kane, *Fed. Prac. & Proc.* § 2682 (Supp. 2005) ("The fact that Rule 55(a) gives the clerk authority to enter a default is not a limitation on the power of the court to do so.") As set forth in Plaintiff's Application for Default and supporting affidavit, Defendant Vasquez, Jr. was served with the summons and complaint and has not answered, appeared, or otherwise taken any action showing intent to defend. As Plaintiff has satisfied the requirements of Rule 55, the court accordingly determines that Vasquez is in default and accordingly grants Plaintiff's Application for Default.

**B.     Default Judgment**

Plaintiff has also applied to the court for a default judgment against Vasquez, Jr. in the amount of $239,606.26 pursuant to the promissory note and Vasquez, Jr.'s personal guaranty, plus interest at the rate of 9.82% per annum, along with attorney's fees. If the amount of the judgment can be reliably computed from the record, and a party is otherwise entitled to default judgment, a default judgment can be entered without a hearing. *See James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1991); *see generally* Fed. R. Civ. P. 55(b)(1) & (2).

Based on the allegations in Plaintiffs' Complaint, filed February 18, 2005, which the court accepts as true, as well as affidavit evidence submitted in support of Plaintiff's Application, the court determines that Vasquez, Jr. has breached his guaranty agreement with Plaintiff dated June 19, 1998 (*see* Ex. E to Compl.) guaranteeing amounts due under a promissory note dated June 19, 1998 (*see* Ex. A to Compl.), and is liable for damages in the amount of $239,606.26 (the amount due following sale of certain collateral), along with prejudgment interest on this amount at the rate of 9.82% per

annum, as specified in the promissory note.  The court also determines that Defendant is not an infant or incompetent person.  *See* Attorney Aff. ¶ 1; *see generally* Fed. R. Civ. P. 55(b)(2).

Plaintiff also seeks attorney's fees in the amount of $6,914.11.  In her supporting affidavit, counsel for Plaintiff, Amanda C. Ellis, testifies that attorney's fees in connection with this matter from its inception through and including November 19, 2005 total $6,414.11, and that she anticipates an additional $500 in attorney's fees for the month of December 2005.  Attached to her affidavit are the billing statements issued in connection with this lawsuit.  Conspicuously absent from her affidavit, however, is a statement as to the total amount of hours expended in the prosecution of this case, the hours expended by each attorney in working on this case, and the attorney's level of experience.  The court is left to the painstaking procedure of having to calculate total hours expended from the billing records and having to research and take judicial notice of the level of experience of each attorney who worked in the case.  This the court will not do.  Also critically absent from her affidavit is any other information from which the court can glean the necessity or reasonableness of the hours expended of the attorney's fees requested, a *sine qua non* to any award of attorney's fees.  Such glaring omissions are particularly surprising in light of the fact that in an order dated August 16, 2005, the court put Plaintiff's attorney on notice that an affidavit in support of attorney's fees she had submitted was sub-par.  Accordingly, the court **denies** Plaintiff's request that the court include attorney's fees in its default judgment.

### III.   Conclusion

For the reasons set forth herein, the court **grants** Plaintiff's Application for Default and **grants in part and denies in part** Plaintiff's Application for Default Judgment with Respect to Defendant Jesus Vasquez, Jr.  The court **grants** Plaintiff's Application for Default Judgment with

regard to its request for damages in the amount of $239,606.26, along with prejudgment interest, but **denies** Plaintiff's Application for Default Judgment with regard to its request for attorney's fees. Default judgment will issue by separate document.

    **It is so ordered** this 30th day of December, 2005.

                                                 Sam A. Lindsay
                                                 United States District Judge